IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER BOWMAN                                                                                    PLAINTIFF

v.                                         Civil No.  6:23-cv-06142-SOH-CDC

EXPRESS MOBILE RADIOLOGY,
With Turnkey Health; and HEALTH
ADMINISTRATOR DANETT SIMPSON                                                               DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Christopher Bowman ("Bowman"), pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.  BACKGROUND

According to the allegations of the Amended Complaint, on November 18, 2023, Bowman was involved in a fight during which he hurt his hand.  (ECF No. 10 at 4).  Medical staff were called to examine his hand.  *Id.*  Nurse Kayla wrapped Bowman's hand but did not send him to the emergency room.  *Id.* at 5.  His hand was x-rayed by Express Mobile Radiology and Turn Key Health was advised that his hand was not broken.  *Id.*  Bowman maintains the x-ray was falsely or

1

improperly read and his hand and finger are in fact broken in two places. *Id.* Bowman says he cannot use his hand properly and it is painful. *Id.* at 9.

As relief, Bowman asks to be released ASAP so he can seek medical treatment and have his hand reconstructed to be able to use it normally. (ECF No. 10 at 9). He also seeks compensatory damages in the amount of "$2.5 mil or the max." *Id.*

I. APPLICABLE STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  DISCUSSION

Bowman is a convicted inmate which means the Eighth Amendment applies. (ECF No. 10 at 2). The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Corr. Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id*.

3

The Court assumes that Bowman's injured hand qualifies as an objectively serious medical need. However, the Court can discern no evidence that Defendants[1] acted with deliberate indifference on the facts alleged. The failure to properly interpret an x-ray at most sounds in negligence. *See e.g., Spann v. Corr. Med. Serv.,* No. 05-4067-CV-C-SOW, 2006 WL 2423107, * 5 (W.D. Mo. Aug. 21, 2006) (disagreement with interpretation of an x-ray did not state a claim of deliberate indifference).

### III. CONCLUSION

For this reason, it is recommended that**:**

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**Status of Referral: The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[1] In fact, Bowman does not mention Defendant Simpson in his statement of his claim. (ECF No. 10 at 4-5). The only reference to Defendant Simpson in the Amended Complaint is that she is listed as a Defendant. *Id.* at 2.

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      RECOMMENDED this 25th day of March 2024.

                                        /s/ *Christy Comstock*
                                        HON. CHRISTY COMSTOCK
                                        UNITED STATES MAGISTRATE JUDGE